IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
PAUL ALMOND, )
　　　　　　　　　　　　　　　　　 )
　　　　　　Petitioner, )
　　　　　　　　　　　　　　　　　 )
　　v. ) No. 09 C 50025
　　　　　　　　　　　　　　　　　 )
NEDRA CHANDLER, Warden, )
　　　　　　　　　　　　　　　　　 )
　　　　　　Respondent. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Paul Almond's (Almond) petition for writ of habeas corpus (Petition). For the reasons stated below, we deny the Petition.

## BACKGROUND

On June 11, 1993, a jury convicted Almond in Illinois state court of first degree murder, burglary, theft, and possession of a stolen motor vehicle. Almond was sentenced to concurrent terms of forty-four years for murder and seven years for burglary. The convictions for theft and possession of a stolen motor vehicle were merged with the burglary conviction. Almond appealed the conviction and on

1

December 30, 1994, the state appellate court affirmed the conviction. Almond did not file a petition for leave to appeal to the Illinois Supreme Court.

On May 21, 1996, Almond filed a *pro se* post-conviction petition and an Illinois state court dismissed the post-conviction petition as untimely. Almond appealed the dismissal and on June 30, 2004, an Illinois appellate court reversed and remanded the post-conviction petition. On May 5, 2005, the post-conviction petition was again dismissed. Almond appealed the dismissal and on October 26, 2007, a state appellate court affirmed the dismissal. Almond then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on September 24, 2008. On February 9, 2009, Almond filed the instant Petition. Almond alleges in his Petition: (1) that he received ineffective assistance of counsel because his trial counsel did not allow Almond to testify about his coerced confession at his suppression hearing, (2) that he received ineffective assistance of counsel because his trial counsel did not subject the State's case to meaningful adversarial testing when counsel failed to challenge forensic and medical evidence, (3) that the affirmative defense of self-defense created an unconstitutional mandatory presumption, and (4) that Almond's confession was the result of police coercion.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

An application for a writ of habeas corpus on behalf of a person in custody

2

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Respondent argues that most of Almond's habeas claims are procedurally defaulted. Respondent also argues that Almond has not asserted any claims that would warrant habeas relief.

3

I. Procedurally Defaulted Claims

Respondent argues that most of the claims presented in Almond's Petition are procedurally defaulted. A petitioner's habeas claims are procedurally defaulted unless the petitioner "first submit[s] his claims through one full round of state-court review." *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). To meet the presentment requirement, a petitioner "must have fairly presented the substance of h[is] claims to the state courts by articulating both the operative facts and applicable law that []he claims entitle h[im] to relief." *Id.* A petitioner is barred from pursuing a procedurally defaulted claim in a habeas petition unless "the petitioner 'can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice.'" *Id.* (quoting *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008)).

A. Mandatory Presumption Claim

Respondent argues that Almond's mandatory presumption claim is procedurally defaulted. Almond argues in his Petition that the affirmative defense of self-defense created an unconstitutional mandatory presumption. Almond did not raise this argument on his direct or collateral appeals. (R Ex. C 9, 15); (R Ex. K 1). Although Almond did argue on direct appeal that there was not sufficient evidence to prove beyond a reasonable doubt that his actions were not taken in self-defense, Almond did not present his current argument regarding an unconstitutional mandatory presumption. (R Ex. C 9); *see also Boyko v. Parke*, 259 F.3d 781, 788

4

(7th Cir. 2001)(stating that "[a] petitioner may reformulate his claims somewhat, so long as the substance of his argument remains the same" but that "a petitioner's reformulation of his claim should not place the claim in a significantly different legal posture by making the claim stronger or more substantial"). Almond's current claim relating to the self-defense theory is not significantly related to the sufficiency of evidence claim presented in his direct appeal. The claim would also be procedurally defaulted because Almond did not present the claim to the Illinois Supreme Court on direct or collateral appeal or in his post conviction appeal to the Illinois Appellate Court. (R Ex. K 1); (R Ex. L 3). Thus, the mandatory presumption claim is procedurally defaulted. Almond has not shown cause and prejudice for the default or that if the court did not consider the claim, there would be a fundamental miscarriage of justice. We also note that, even if the mandatory presumption claim was not procedurally defaulted, Almond has not shown that there is an unconstitutional mandatory presumption in regard to a self-defense claim.

### B. Alleged Failure to Challenge Forensic and Medical Evidence Claim

Respondent argues that Almond's claim that his trial counsel failed to challenge forensic and medical evidence is procedurally defaulted. Almond did not raise this issue before the Illinois Supreme Court on direct appeal. Nor did Almond raise this issue before the Illinois Appellate Court on collateral appeal during his appeal of the second dismissal of his post-conviction petition. (Ex. K1). Although in his appeal of the second dismissal of his post conviction appeal, Almond contends

that his trial counsel made mistakes at the suppression hearing, Almond asserts that the mistake was the decision not to allow Almond to testify at the hearing. (Ex. K 1). Thus, the failure to challenge forensic and medical evidence claim is procedurally defaulted. Almond has not shown cause and prejudice for the default or that if the court did not consider the claim, there would be a fundamental miscarriage of justice. We also note that, even if the claim was not procedurally defaulted, Almond has not shown that his counsel's actions were such that he received ineffective assistance of counsel and thus should receive habeas relief. *See Emerson*, 575 F.3d at 684-85 (explaining standard at habeas for review of representation during criminal proceedings).

C. Coerced Confession Claim

Respondent argues that Almond's claim that his confession was the result of police coercion is procedurally defaulted. Almond failed to present this claim on direct appeal to the Illinois Supreme Court. On Almond's appeal of the second denial of his post-conviction petition, he made mention of an involuntary confession. (R Ex. K 2). However, Almond asserted that the basis of his appeal was an alleged error by his counsel to advise Almond not to testify at a suppression hearing regarding his confession. (R Ex. K 2). Thus, the coerced confession claim is procedurally defaulted. Almond has not shown cause and prejudice for the default or that if the court did not consider the claim, there would be a fundamental miscarriage of justice. We also note that, even if the coerced confession claim was not

6

procedurally defaulted, Almond has not presented more than generalizations to support his claim and he has not shown that he is entitled to habeas relief based on such a claim. Rule 2(c) of the Rule Governing Section 2254 Cases; *Thompson v. Battaglia*, 458 F.3d 614, 616 (7th Cir. 2006)(stating that "a petitioner is obliged to specify all the grounds for relief available to him and the facts supporting each ground").

II. Failure to Testify at Suppression Hearing Claim

Respondent argues that Almond's argument that he received ineffective assistance of counsel because his trial counsel did not allow Almond to testify about his coerced confession at his suppression hearing is without merit. To show ineffective assistance of counsel a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984))(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance; we then determine whether such acts or omissions fall outside the wide range of professionally competent assistance" )(quoting in part *Strickland*, 466 U.S. at 689). In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. . . .'" *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009)(quoting *Strickland,* 466 U.S. at 694). We agree with the Illinois Appellate Court that addressed this issue on direct appeal. Almond has not shown that the decision of whether to call Almond to testify at the suppression hearing was anything other than a tactical and strategic decision. *United States v. Recendiz*, 557 F.3d 511, 532 (7th Cir. 2009)(stating that "[w]ithout record of an attorney's motives, 'every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight'")(quoting in part *United States v. Taglia,* 922 F.2d 413, 417-18 (7th Cir. 1991). Almond's motion to suppress was not left unsupported in the absence of his testimony. For example, Almond stated at the suppression hearing that he swore that the facts contained in his motion to suppress were true. (R Ex. K. 2-3). Thus, Almond has failed to show that his counsel's performance was outside of the wide range of reasonable professional assistance. In addition, Almond has not shown prejudice relating to his lack of testimony at the suppression hearing. The fact that Almond did not prevail at the motion to suppress hearing does not show ineffective assistance of counsel. *See Recendiz*, 557 F.3d at 531(stating that it is not the court's "role to second-guess counsel's strategic decisions"). Therefore, Almond has not shown that habeas relief is warranted due to his counsel's decision to not have Almond testify at his suppression hearing about his coerced confession. Based on the above, we deny Almond's Petition.

## CONCLUSION

Based on the foregoing analysis, we deny Almond's Petition.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 29, 2009